IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HOPE LEIGH CUNIGAN,         ) | |
| ) | |
| Plaintiff,         ) | |
| ) | |
| v.         ) | CIVIL ACTION NO. 2:11CV180-SRW |
| ) | (WO) |
| MICHAEL J. ASTRUE, Commissioner         ) | |
| of Social Security,         ) | |
| ) | |
| Defendant.         ) | |

**MEMORANDUM OF OPINION**

Plaintiff Hope Leigh Cunigan brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying her application for disability benefits under Title II of the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). (Doc. ## 7, 8). Upon review of the record and briefs submitted by the parties, the court concludes that the decision of the Commissioner is due to be reversed.

**BACKGROUND**

Plaintiff filed the present application for benefits on October 9, 2007 (protective filing date), just over one year after her date last insured, alleging disability beginning December 31, 2004 due to "3 bulging discs and arthritis in neck, back pain, carpal tunnel in [right] hand/wrist." (Exhibits 1D, 1E, 2E). Her application was denied at the initial administrative

level in December 2007 (Exhibits 5B, 6B), and plaintiff requested review by an administrative law judge (Exhibit 7B). The ALJ held an administrative hearing on June 24, 2009, in which he took testimony from the plaintiff and Dr. Linda Williams, a vocational expert. (R. 23-57). In a decision he rendered on November 18, 2009, the ALJ found that plaintiff suffers from the severe impairments of "bilateral carpal tunnel syndrom and right shoulder impingement with debridement and acromioplasty" and additional non-severe impairments. He concluded that, through her date last insured (September 30, 2006), plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing. He further determined that plaintiff's residual functional capacity precluded her past relevant work as a delicatessen counter worker, retail cashier/stocker and assistant manager - retail sales, but that, through the date last insured, there were jobs that existed in significant numbers in the national economy that plaintiff could have performed. Thus, the ALJ found that plaintiff was not under a disability as defined by the Social Security Act between her alleged onset date and her date last insured. (R. 9-19). The Appeals Council denied plaintiff's request for review of the ALJ's decision on January 28, 2011. (R. 1-3).

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings. Davis v.

Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion." Cornelius, 936 F.2d at 1145. Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis, 985 F.2d at 531. If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. Cornelius, 936 F.2d at 1145-46.

## DISCUSSION

Plaintiff argues that the Commissioner's decision is due to be reversed because: (1) the record does not include a physical capacities evaluation completed by a treating or examining physician that supports the ALJ's RFC determination; and (2) the ALJ's step five conclusion is not supported by substantial evidence. The court finds plaintiff's contention that an ALJ's RFC assessment cannot be supported by substantial evidence in the absence of a physical capacities assessment by an examining physician without merit. See Green v. Social Security Administration, 223 Fed. Appx. 915, 923 (11th Cir. 2007)(unpublished opinion)(ALJ's RFC assessment supported by substantial evidence where he rejected treating physician's opinion properly and formulated the plaintiff's RFC based on treatment records, without a physical capacities evaluation by any physician). Plaintiff does not challenge the RFC finding on any other basis. However, the ALJ's step five error identified by the plaintiff

warrants reversal.

The ALJ found that plaintiff retains the residual functional capacity to perform less than a full range of light work. He included a number of non-exertional limitations in his finding, including that plaintiff "is not able to frequently handle and finger with the right arm/hand." (R. 12). Plaintiff contends that the ALJ's step five finding is not supported by substantial evidence, as it is contradicted by the vocational expert's testimony. Plaintiff's brief, Doc. # 11, pp. 2, 4). The Commissioner concedes that the particular jobs identified by the ALJ as other work that plaintiff can still perform – café attendant, cashier, and telephone survey worker – are precluded by plaintiff's residual functional capacity, as determined by the ALJ. (See Commissioner's brief, Doc. # 13, p. 5)("It is true that the ALJ mistakenly listed three jobs with DOT requirements that did not match his RFC assessment[.]"). The Commissioner contends that this error is harmless, however, because there is evidence – that is, the vocational expert's testimony coupled with a provision of the Dictionary of Occupational Titles subject to judicial notice – of another job that exists in significant numbers in the national economy that plaintiff can perform with the RFC assessed by the ALJ, specifically, that of surveillance system monitor. (Id., pp. 5-8).

As the Commissioner notes, the limitations included in the ALJ's hypothetical questions to the vocational expert remained constant, except as to handling and fingering. (R. 50-55). The vocational expert testified that a hypothetical claimant with the other limitations identified by the ALJ who is also limited to: (1) frequent handling and fingering with the right hand could perform other work including the jobs of cafeteria attendant, general cashier, and telephone survey worker (R. 50-52); (2) frequent fingering and

occasional handling could perform the jobs of cashier, telephone survey worker, and surveillance system monitor, DOT # 379.367-010 (R. 53-55); and (3) occasional handling and fingering with her dominant right hand could perform "some jobs but not a significant number." (R. 52-53).[1]  The vocational expert responded affirmatively to the ALJ's query regarding whether "the occasional handling and fingering on the occasional level would cause the erosion of jobs[.]" (R. 53).

As noted above, the ALJ found that plaintiff "is *not* able to frequently handle and finger with the right arm/hand." (R. 12)(emphasis added).  The Commissioner concedes that this RFC includes "limitations to occasional fingering and handling with [plaintiff's] right hand" and, also, that it precludes the performance of the jobs of cafeteria attendant, cashier, and telephone survey worker. (Doc. # 13, p. 6).  However, the Commissioner argues:

> The evidence nonetheless showed that there were a significant number of jobs Plaintiff could perform despite her limitations to occasional fingering and handling with her right hand.  During her testimony, Dr. Williams identified surveillance system monitor as a job a hypothetical individual with limitations similar to Plaintiff's could perform (Tr. 54-55).  According to the DOT, the surveillance system monitor job does not require any significant handling or fingering, and therefore would be available to a person with the fingering and handling limitations identified in the ALJ's RFC assessment (Tr. 12).  DOT 379.367-010.
>
> This evidence from the DOT, when combined with Dr. Williams' testimony, is substantial evidence supporting the ALJ's finding that Plaintiff was not disabled, because she could perform work existing in significant numbers in the national economy.

(Id., pp. 6-7)(footnote omitted).  The Commissioner further points to Dr. Williams' testimony

---

[1] Plaintiff testified that she is right-handed. (R. 37).

that 100,000 surveillance system monitor jobs exist nationally, and cites Eleventh Circuit and Southern District of Alabama opinions concluding that vocational expert testimony that "less than 80,000 jobs" and "50,000 jobs," respectively, provides substantial evidence to support a finding of a significant number of jobs that the claimant could perform. (Id. at pp. 7-8) (citing R. 55, Allen v. Bowen, 816 F.2d 600, 602 (11th Cir. 1987) and Huber v. Apfel, 2000 WL 284284 at 4 (S.D. Ala. 2000)).

In short, the Commissioner contends that the ALJ's step five error is harmless because the ALJ could have concluded, with substantial evidentiary support, that plaintiff can perform work as a surveillance system monitor and that a significant number of such jobs exist nationally. As the Commissioner notes, the DOT description of the surveillance system monitor job does not include a requirement for handling or fingering. (See DOT 379.367-010 and *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993) at § 04.02.03).  However, Dr. Williams testified that a limitation to occasional handling and occasional fingering on the right – the limitation ultimately assessed by the ALJ – would allow the claimant to perform "some jobs, *but not a significant number.*" (R. 52-53)(emphasis added).  She identified the surveillance system monitor job for the hypothetical claimant who could perform fingering *frequently* and handling occasionally, tasks precluded by the ALJ's RFC finding. (R. 53-55).  While Dr. Williams further testified that her opinions were consistent with the Dictionary of Occupational Titles (R. 55), her testimony appears to conflict with the DOT.  The Commissioner's "harmless error" argument might, perhaps, have merit if the ALJ were precluded from relying on the

6

testimony of the vocational expert in the event of such a conflict.[2]  However, that is not the law of this circuit.  See Miller v. Commissioner of Social Security, 246 Fed. Appx. 660, 662 (11th Cir. 2007)("Even assuming that an inconsistency existed between the testimony of the vocational expert and the DOT, the ALJ did not err when, without first resolving the alleged conflict, he relied on the testimony of the vocational expert. Our precedent establishes that the testimony of a vocational expert "trumps" an inconsistent provision of the DOT in this Circuit.")(citing Jones v. Apfel, 190 F.3d 1224, 1229-30 (11th Cir. 1999)).  The court cannot conclude that the ALJ's error is harmless when doing so would require that the court weigh the evidence and resolve the evidentiary conflict against the plaintiff.  "The resolution of conflicting evidence is the function of the ALJ, not the Court."  Bouie v. Astrue, 226 Fed. Appx. 892, 894 (11th Cir. 2007)(citing Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir. 1986)).  While the Appeals Council could have taken action to correct the ALJ's obvious error, it chose instead to deny review.  The court may not now weigh the conflicting evidence in the first instance.  See Graham, 790 F.2d at 1575-76 (noting that the issue before the court on appeal was whether the Appeals Council's finding of fact – not the District Court's finding – was supported by substantial evidence).  The court "'may not supply a reasoned basis for [an] agency's action that the agency itself has not given.'"  Dixon v. Astrue, 312

---

[2] The court does not decide the propriety of finding substantial evidentiary support for the ALJ's step five finding by taking judicial notice of a DOT classification not cited by the ALJ that describes a job not identified by the ALJ in his decision as one that the claimant can perform.  In Hubbard v. Commissioner of Social Security, 348 Fed. Appx. 551 (11th Cir. 2009), the case cited by the Commissioner on the issue of judicial notice, the ALJ had relied on the DOT classifications for plaintiff's past relevant work but did not "specifically place[] [the DOT] into the record[.]" Id. at 553 n. 1.  The Eleventh Circuit took judicial notice of the DOT job classification on appeal.  This case does not present the same issue as that in Hubbard.

Fed. Appx. 226, 229 (11th Cir. 2009)(quoting <u>Zahnd v. Sec'y, Dep't of Agric.</u>, 479 F.3d 767, 773 (11th Cir.2007)).  As plaintiff contends, the ALJ's step five finding is not supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is due to be REVERSED, and this action REMANDED to the Commissioner for further administrative proceedings. A separate judgment will be entered.

DONE, this 20th day of September, 2012.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE